IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:24-CV-152-FL

| | |
|---|---|
| WILLIAM AUGUSTUS PERRY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| US DEPT. OF VETERANS AFFAIRS, | ) |
| SEC. OF THE VA, VA MEDICAL, VA | ) |
| BENEFITS/COMPENSATION/PENSION, | ) |
| VA BOARD OF VETERANS APPEAL, | ) |
| and VA INSURANCE – SERVICE- | ) |
| DISABLED VETERANS INSURANCE, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon defendants' motion to dismiss for failure to state a claim (DE 20), and plaintiff's motions to grant subject matter jurisdiction and waiver of immunity, (DE 23, 24), which the court construes as including a motion to amend complaint. The issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff commenced this action pro se, October 22, 2024, asserting claims under the Federal Tort Claims Act and Americans with Disabilities Act, as well as common law medical malpractice/negligence claims, and a challenge to a Board of Veterans Appeals decision. Plaintiff seeks compensatory damages of $108,980,000.00 as a "minimum," or $213,400,000.00 "if death

occurs before settlement." (DE 1 at 3). Plaintiff does not provide any factual recitation in his complaint in support of this claims.[1]

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Through his instant motions, plaintiff seeks in substance to amend his complaint to allege additional factual allegations, as detailed further herein.

## COURT'S DISCUSSION

A.  Plaintiff's Motions

Federal Rule of Civil Procedure 15(a)(1)(B) permits a party to "amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such construction does not excuse a pro se litigant from meeting substantive pleading requirements. See Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). However, "[i]n practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." Wall v. Rasnick, 42 F.4th 214, 218 (4th Cir. 2022).

---

[1] Also pending before the undersigned are two other cases brought by plaintiff: 1) Perry v. US Federal Drug Administration et al., No. 4:24-CV-150-FL (E.D.N.C.) (the "-150 case"), and 2) Perry v. US Department of Defense et al., No. 4:24-CV-151-FL (E.D.N.C.) (the "-151 case"). In the -151 case there are three ripe pending motions, which will be addressed by separate order. In the -150 case, there is presently pending a motion to dismiss filed by defendant Apria Healthcare, LLC (-150 case, DE 86), which is not yet ripe and which will be addressed by separate order.

2

Here, plaintiff's motions were filed within 21 days of service of "a motion under Rule 12(b)," Fed. R. Civ. P. 15(a)(1)(B), and they are in substance attempting in part to allege additional detailed factual allegations to address the deficiencies raised in defendants' motion. (See, e.g., Pl's Mot. to Grant Subject Matter Jurisdiction (DE 23) at 3-27 (detailing factual allegations regarding his treatment at Veterans Administration ("VA") hospitals between 2003-2025); Pl's Mot. to Grant Waiver of Immunity (DE 24) at 1) (alleging waiver of sovereign immunity)). Accordingly, these filings may be construed, in part, as themselves constituting an attempt to file a first amended complaint as of right, or components thereof, albeit with substantial deficiencies to be corrected as set forth further below. In all other respects, plaintiff's motions are denied as not seeking relief cognizable under the Federal Rules of Civil Procedure or in conformity with the court's rules and applicable law.

Having so construed plaintiff's motions, in part, these attempts to allege additional factual allegations have substantial formal deficiencies that must be corrected, before any such filings can serve as a basis for a required response by defendants.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8, 10. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable

to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

To ensure that plaintiff's first amended complaint is in a correct form that allows for meaningful response by defendants, pursuant to Rule 12, the court directs plaintiff to file, on or before August 29, 2025, a single document captioned as plaintiff's "first amended complaint," which includes all the numbered factual allegations he seeks to assert, against each defendant that plaintiff wishes to name specifically as a defendant. The court cautions plaintiff that the first amended complaint will be considered the operative complaint in its entirety, and the court will not review plaintiff's prior filings to identify any misplaced claims or factual allegations. In this instance, for purposes of filing the first amended complaint, plaintiff may not refer to or incorporate by reference prior alleged facts or claims. The court and the parties will not refer to the original complaint or any other documents as a source of allegations or claims in the first amended complaint. Failure to comply with this order, particularly the instructions set forth in this paragraph, may result in dismissal of this action.

B.  Motion to Dismiss

"If a plaintiff amends [his] complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) (quoting 6 C. Wright, et al., Fed. Prac. & Proc. § 1476 pp. 636-37 (3d ed. 2010)). Accordingly, defendant's instant motion to dismiss is TERMINATED AS MOOT, because it is premised on plaintiff's original complaint. Such pleading no longer performs

4

any function in this case, where the court has herein recognized plaintiff's filings in part as including an amended complaint as of right.

## CONCLUSION

Based on the foregoing, the court construes plaintiff's motions, in part, as including an amended complaint as of right, on the terms set forth herein. In all remaining respects, plaintiff's motions are DENIED. (See DE 23, 24). Plaintiff is DIRECTED to file a first amended complaint, if any, on or before August 29, 2025, in accordance with the instructions set forth herein. Plaintiff is warned that failure to comply with the instructions set forth herein may result in dismissal of this action. Defendants' motion to dismiss (DE 20) is TERMINATED AS MOOT.

SO ORDERED, this the 15th day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge